IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GOOD COUNSEL, INC., a New      )(
Jersey non-profit corporation,
     )(
       Plaintiff,
     )(
v.                             CASE NO.1:21-CV-_____
     )(
MARY'S SHELTER, also known    )(
as Mary's Shelter, Inc., an
Alabama non-profit corporation, )(
       Defendant.        )(

## COMPLAINT

Comes now Good Counsel, Inc., a New Jersey non-profit corporation (hereafter "Good Counsel"), Plaintiff in the above styled cause, by and through its attorney of record, and pursuant to 28 USC § 1332(a)(1), demands relief of the Defendant, Mary's Shelter, an Alabama non-profit corporation, and as grounds therefor would show unto the Court as follows:

1. This is an action for money damages and specific performance pursuant to a breach of contract between the parties hereto; or in the alternative for unjust enrichment by Mary's Shelter for benefits it received arising out of or related to said contract.

2. Good Counsel, Inc. is a non-profit corporation formed under the laws of the State of New Jersey, qualified to transact business in the State of Alabama, with its principal place of business in Secaucus, New Jersey.

3. The Defendant, Mary's Shelter, also known as Mary's Shelter, Inc., is an Alabama non-profit corporation, with its principal place of business in Orange Beach, Alabama.

4. Jurisdiction of this action is vested in this Court by 28 USC § 1332(a)(1) in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 USC § 1391(b)(1) in that the only defendant to this case resides within the above styled judicial district.

6. Additionally, venue is consistent with a forum selection clause in the Services Agreement described hereinbelow, designating that disputes shall be brought in State or Federal Court in the State of Alabama.

7. Mary's Shelter owns and operates a home to provide transitional housing for pregnant women in need, which home is situated in Elberta, Alabama (hereinafter the "Elberta Home").

8. The Elberta Home is situated at 14001 Boros Road in the Town of Elberta, Baldwin County, Alabama, which real property is described more particularly as follows:

COMPLAINT
Good Counsel, Inc.
v. Mary's Shelter
Page 2 of 12

PARCEL ONE:
A portion of the South half of the Southwest
Quarter of Section 13, Township 7 South,
Range 5 East, Baldwin County, Alabama, being
described as follows: Commencing at a
concrete monument found at the Southwest
corner of Section 13, Township 7 South, Range
5 East, Baldwin County, Alabama, run thence
North 89 degrees, 18 minutes, 17 seconds East
along the South line of said Section 13, a
distance of 20.00 feet to a point on the East
right of way line of Boros Road and the Point
of Beginning of the property herein
described; thence run North 00 degrees, 02
minutes, 18 seconds East along said East
right of way line of Boros Road a distance of
150.00 feet to a point; thence run North 89
degrees, 18 minutes, 17 seconds East a
distance of 290.42 feet to a point; thence
run South 00 degrees, 02 minutes, 18 seconds
West a distance of 150.00 feet to a point on
the aforementioned South line of Section 13;
thence run South 89 degrees, 18 minutes, 17
seconds West along said South line of Section
13 a distance of 290.42 feet to the Point of
Beginning.

PARCEL TWO:
Commencing at a concrete monument found at
the Southwest corner of Section 13, Township
7 South, Range 5 East, Baldwin County,
Alabama, run thence North 89 degrees, 18
minutes, 17 seconds East along the South line
of said Section 13, a distance of 20.00 feet
to a point on the East right of way line of
Boros Road; thence run North 00 degrees, 02
minutes, 18 seconds East along said East
right of way line of Boros Road a distance of
150.00 feet to the Point of Beginning of the
property herein described; thence continue
North 00 degrees, 02 minutes, 18 seconds East
a distance of 5.00 feet to a point; thence
run 89 degrees, 18 minutes, 17 seconds East a
distance of 871.27 feet to a point; thence
run South 00 degrees, 02 minutes, 18 seconds

West a distance of 5.00 feet to a point;
thence run South 89 degrees, 18 minutes, 17
seconds West a distance of 871.27 feet to the
Point of Beginning.

PARCEL THREE:
A portion of the South half of the Southwest
Quarter of Section 13, Township 7 South,
Range 5 East, Baldwin County, Alabama, being
described as follows: Commencing at a
concrete monument found at the Southwest
corner of Section 13, Township 7 South, Range
5 East, Baldwin County, Alabama, run North 89
degrees, 18 minutes, 17 seconds East along
the South line of said Section 13, a distance
of 20.00 feet to a point on the East right of
way line of Boros Road; thence run North 00
degrees 02 minutes, 18 seconds East along
said East right of way line of Boros Road, a
distance of 150.00 feet to a point; thence
run North 89 degrees, 18 minutes 17 seconds
East a distance of 290.42 feet to the Point
of Beginning of the property herein
described; thence continuing North 89
degrees, 18 minutes, 17 seconds East run a
distance of 580.85 feet to a point; thence
run South 00 degrees, 02 minutes, 18 seconds
West a distance of 150.00 feet to a point on
the aforementioned South line of Section 13;
thence run South 89 degrees, 18 minutes, 17
seconds West along said South line of Section
13, a distance of 580.85 feet to a point;
thence run North 00 degrees, 02 minutes, 18
seconds East a distance of 150.00 feet to the
Point of Beginning.

Copies of the three deeds for the Elberta Home are attached

hereto as Exhibits 1, 2, and 3.

    9. Good Counsel is a Catholic, pro-life charitable

organization with significant experience in providing Catholic

mission services helping homeless pregnant women and parenting mothers and babies.

10. The parties executed a "Services Agreement" on or about December 28, 2016 and January 25, 2017, which agreement had an effective date of November 1, 2016. A copy of the Services Agreement is attached as Exhibit 4.

11. By the Services Agreement, Good Counsel contracted and agreed to provide certain services regarding the operation of Mary's Shelter, described more particularly as follows:

> . . . Good Counsel shall provide the Services, which include in particular housing, feeding, clothing, counseling for immediate emotional crises; guidance toward educational and vocational programs and services along with job referrals and preparation; Life Skills programs regarding pre-natal home care, child growth and development, personal financial management, spiritual growth in knowing a personal, loving, merciful God. Additionally services will include assistance in transportation to and from doctors' appointments, educational endeavors, and leisure time outings.

12. Mary's Shelter agreed to pay Good Counsel a fee of $25,000 per month for providing those services.

13. The terms of the Services Agreement permitted Mary's Shelter to defer payment of the fees until the conclusion of the term of the agreement.

14. The term of the Services Agreement was two years.

15. Contemporaneously with the Services Agreement, the parties hereto also executed an Option Agreement and a Memorandum of Option, attached hereto as Exhibits 5 and 6 respectively.

16. The terms of said Option Agreement granted Good Counsel the option to purchase the Elberta Home upon the terms set forth in the Real Estate Purchase and Sale Agreement attached to the Option Agreement.

17. The purchase price for the Elberta Home pursuant to the Real Estate Purchase and Sale Agreement attached to the Option Agreement was $500,000.

18. The Option Agreement and Real Estate Purchase and Sale Agreement permitted Good Counsel to apply its deferred fees under the Services Agreement toward that purchase price.

19. While not expressly stated in the Services Agreement, the purpose of the Services Agreement was to transition management of the Elberta Home to Good Counsel and for Good Counsel to ultimately take over operation of the Elberta Home in its entirety.

20. Mary's Shelter paid a single $25,000 monthly fee pursuant to the Services Agreement.

21. Mary's Shelter deferred all other payments pursuant to the terms of the Services Agreement during the term thereof.

22. Throughout the term of the Services Agreement, Good Counsel provided all services which it contracted to provide.

23. More particularly, Good Counsel managed all operations of the home, including hiring and directing all staff employed to work at the Elberta Home.

24. Good Counsel further engaged in substantial fundraising efforts in support of its work at the Elberta Home.

25. During the term of the Services Agreement, Donations made to Mary's Shelter were credited to Mary's Shelter while donations made to Good Counsel were credited to Good Counsel.

26. While successful, the fundraising efforts of Good Counsel nevertheless fell short of meeting the expenses incurred to operate the Elberta Home by a sum in excess of $400,000 throughout the term of the Services Agreement, which deficit Good Counsel paid.

27. Upon information and belief, during the term of the Services Agreement, Mary's Shelter benefitted from increased fundraising success due to the efforts of Good Counsel, while at the same time Mary's Shelter eliminated most expenses associated with operating the Elberta Home, because of the efforts by Good Counsel pursuant to said Services Agreement.

28. At the conclusion of the term of the Services Agreement, Good Counsel made demand on Mary's Shelter for payment of the deferred fees referred to hereinabove.

29. None of the deferred fees have been paid to date, the balance totaling $575,000.

30. On October 31, 2018, Good Counsel sent a letter to Mary's Shelter, giving notice of its intent to exercise its option to purchase the Elberta Home using a credit of the deferred fees. Exhibit 7.

31. Said letter enclosed a Notice of Exercise of Option and an executed copy[1] of the Real Estate Purchase and Sale Agreement, in the form attached to the Option Agreement. Exhibits 8 and 9, respectively.

32. The documents referred to in Paragraphs 30 and 31 hereinabove were sufficient to exercise the option, pursuant to the terms of the Option Agreement.

33. Mary's Shelter was obligated to close on the sale of the Elberta Home pursuant to the Option Agreement and the Real Estate Purchase and Sale Agreement.

---

1. The Real Estate Purchase and Sale Agreement attached as Exhibit 9 was signed by Mary's Shelter, upon information and belief, in error when the original documents were signed. Good Counsel does not seek to take advantage of this error. The Option Agreement provides that when executed by Good Counsel and delivered to Mary's Shelter, "[t]he Purchase Agreement shall be immediately effective and binding on both Mary's Shelter and Good Counsel without further execution by Mary's Shelter." Ex. 5, at 2.

34. Mary's Shelter has failed and refused to close on the sale of the Elberta Home.

## COUNT ONE - BREACH OF CONTRACT

35. Good Counsel adopts and incorporates each of the preceding allegations of its Complaint as if the same were set forth fully herein.

36. The Services Agreement was a valid contract binding the parties to this case.

37. Good Counsel performed as required pursuant to the Services Agreement.

38. Mary's Shelter failed to perform as required pursuant to the Services Agreement, in that it failed to pay the fees it was obligated to pay in the amount of $575,000.

39. Good Counsel has suffered damages, proximately caused by breach of the Services Agreement by Mary's Shelter.

WHEREFORE, Plaintiff, Good Counsel, Inc., demands judgment against the Defendant, Mary's Shelter, in the amount of $575,000, together with pre-judgment interest and attorney fees permitted by the Services Agreement, and such other relief as the Court may find proper.

COUNT TWO - SPECIFIC PERFORMANCE OF THE OPTION AGREEMENT

40. Good Counsel adopts and incorporates each of the preceding allegations of its Complaint as if the same were set forth fully herein.

41. Good Counsel properly exercised its right to purchase pursuant to the terms of the Option Agreement.

42. Good Counsel therefore performed as required pursuant to the Option Agreement.

43. The Option Agreement therefore became a binding contract that is enforceable by specific performance.

44. Mary's Shelter failed to perform as required pursuant to the Option Agreement in that it failed to close on the sale of the Elberta Home.

45. Good Counsel has suffered damages, proximately caused by breach of the Option Agreement by Mary's Shelter.

46. Good Counsel is entitled to specific performance of the Option Agreement, which includes conveyance of the Elberta Home by Mary's Shelter to Good Counsel in exchange for a credit against the deferred fees.

WHEREFORE, Plaintiff, Good Counsel, Inc., demands relief of the Defendant, Mary's Shelter, an order requiring Mary's Shelter to convey the Elberta Home to Good Counsel in

COMPLAINT
Good Counsel, Inc.
v. Mary's Shelter
Page 10 of 12

exchange for a $500,000 credit against the judgment awarded Good Counsel in Count One, together with a judgment for any additional attorney fees incurred in connection with this Count Two of the Complaint and such other relief as the Court may deem proper.

## COUNT THREE - UNJUST ENRICHMENT

47. Good Counsel adopts and incorporates each of the preceding allegations of its Complaint as if the same were set forth fully herein.

48. This Count Three is plead in the alternative to the breach of contract claim set forth hereinabove.

49. To the extent Good Counsel is not entitled to recover the full amount of deferred fees pursuant to the Services Agreement, Good Counsel performed services and incurred expenses based on a mistake of fact or in misreliance on its rights and duties.

50. Good Counsel had a reasonable expectation of compensation therefor.

51. Mary's Shelter knowingly accepted the services described hereinabove and allowed Good Counsel to incur expenses in connection with said services.

52. Mary's Shelter will be unjustly enriched if it is permitted to retain the benefits received from Good Counsel without any compensation therefore.

WHEREFORE, Plaintiff, Good Counsel, Inc., demands judgment against the Defendant, Mary's Shelter, for an amount in excess of the Court's diversity jurisdiction threshold of $75,000, together with pre-judgment interest and such other relief as the Court may deem proper.

**s/Joseph D. Thetford, Jr.**
Federal Bar Number: THETJ4746
Attorney for Plaintiff,
Good Counsel, Inc.
CHASON & CHASON, P.C.
P. O. Box 100
Bay Minette, Alabama 36507
Fax: (251)937-2101
E-Mail: jdt@chasonlaw.com

00034386.WPDver2

COMPLAINT
Good Counsel, Inc.
v. Mary's Shelter
Page 12 of 12